IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| | ) No. 3:20-CR-97-TAV-HBG |
| WILLIAM CURTIS LEE, | ) |
| WILLIAM HOLLEY, JR., | ) |
| JAMES CANTY, III, | ) |
| JASON T. NICHOLS, and | ) |
| TOCARRA L. PORTER, | ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on December 14, 2020, for a telephonic motion hearing and pretrial conference. Assistant United States Attorney Brent Nelson Jones appeared by telephone on behalf of the Government. The following defense counsel also appeared by telephone: Attorney A. Philip Lomonaco for Defendant William Curtis Lee; Attorney R. Deno Cole for Defendant William Holley, Jr.; Attorney Ray E. Richards, Jr., for Defendant James Canty, III; Attorney Christopher J. Oldham for Defendant Jason T. Nichols; and Attorney Kimberly A. Parton for Defendant Tocarra L. Porter. All Defendants were excused from this hearing.

Defendant William Holley moves the Court to continue the December 29, 2020 trial date and extend all pretrial deadlines in this case [Doc. 40]. He argues that defense counsel needs

additional time to review discovery and engage in plea negotiations. The motion relates that the Government has no objection to a continuance. At the telephonic motion hearing, Mr. Cole stated that the parties are engaged in meaningful plea negotiations at this time. He said he had discussed the motion to continue with Defendant Holley, who understands the need for a continuance and is waiving his speedy trial rights in relation to the motion. Mr. Lomonaco stated that Defendant Lee joins in the motion to continue. He stated that he had entered the case recently and that the case involves considerable discovery.

Mr. Richards also joined in the motion for a continuance on behalf of Defendant Canty. He stated that Defendant Canty has not yet been arraigned. Mr. Richards said he was permitted to appear *pro hac vice* this morning and has not yet received the discovery. Mr. Oldham took no position on behalf of Defendant Nichols. Ms. Parton also joined in the motion to continue for Defendant Porter. AUSA Jones said the Government does not oppose the requested continuance. He said he would be mailing the discovery to Mr. Richards. The parties agreed on a new trial date of June 15, 2021.

The Court finds Defendant Holley's motion to continue the trial and schedule is joined by Defendants Lee, Canty, and Porter; unopposed by Defendant Nichols and the Government; and well-taken. The Court finds that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). First, the December 29, 2020 trial date must be continued pursuant to the Standing Orders of this Court. On November 30, 2020, Chief United States District Judge Travis R. McDonough issued Standing Order SO-20-21, continuing all jury trials between November 30, 2020, and January 15, 2021. This Standing Order finds that due to the "reduced ability to obtain an adequate spectrum of jurors and the risks posed to the jurors and the public due to the

increased prevalence of COVID-19 in all divisions, the Court specifically finds that the ends of justice served by ordering the continuances outweigh the best interests of the public and any defendant's right to a speedy trial" between November 30, 2020, and January 15, 2021. E.D.TN SO-20-21. In the Standing Order, the Court finds this time to be excluded under the Speedy Trial Act. E.D.TN SO-20-21.

Additionally, the Court finds that counsel for the Defendants need additional time to review the discovery, to consider the filing of pretrial motions, and to prepare the case for trial. Counsel for Defendants Lee and Holley seek additional time to review the discovery. Attorney Richards has just entered the case and has not yet seen the discovery.[1] Moreover, the Court observes that a sixth defendant has yet to appear in this case. Thus, the Court finds that defense counsel need additional time to confer with their clients, to prepare and litigate pretrial motions, to interview witnesses, and to prepare the case for trial. The Court finds that the remaining trial preparations cannot take place by the December 29 trial date or in less than six months. Thus, the Court concludes that without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The motion to continue the trial [**Doc. 40**] is **GRANTED**, and the trial of this case is reset to **June 15, 2021**. The Court finds that all the time between the December 14, 2020 motion hearing and the new trial date of June 15, 2021, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(7)(A)-(B); E.D.TN SO-20-21. At the telephonic hearing, the Court also set a new schedule in this case, which is stated in detail below.

---

[1] Defendant Canty first appeared and was arraigned on December 15, 2020.

3

Accordingly, it is **ORDERED** as follows:

(1) Defendant Holley's Motion to Continue Trial and to Extend Deadlines [Doc. 40] is **GRANTED**. The oral motions to join in this motion by Defendants Lee, Canty, and Porter are also **GRANTED**;

(2) The trial of this matter is reset to commence on **June 15, 2021**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the **December 14, 2020** motion hearing and the new trial date of **June 15, 2021**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is extended to **January 29, 2021**. Responses to motions are due on or before **February 12, 2021**;

(5) The parties are to appear before the undersigned for a final pretrial conference on **May 17, 2021, at 1:30 p.m.** This date is also the deadline for filing a plea agreement in the record and providing reciprocal discovery;

(6) Motions *in limine* must be filed no later than **May 31, 2021**; and

(7) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **June 4, 2020**.

**IT IS SO ORDERED.**

ENTER:

_Bruce Guyton_
United States Magistrate Judge